IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| WILLIAM ROY JOHNSON, JR.<br><br>     v.<br><br>THE HOME DEPOT | CIVIL ACTION<br><br>NO.  16-647 |
|---|---|

Baylson, J.                                                                                         August 22, 2016

### MEMORANDUM RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

In this premises-liability negligence action, defendant Home Depot U.S.A., Inc. ("Defendant" or "Home Depot") moves for summary judgment on Plaintiff William Roy Johnson, Jr.'s ("Mr. Johnson" or "Plaintiff") personal injury claim stemming from an incident in which Mr. Johnson, shopping for a closet wardrobe (the "Closetmaid") at a Home Depot store, dropped the Closetmaid box on his foot while attempting to move it from the shelf to his cart.

Defendant argues that it did not breach its duty of care to Plaintiff because there was ample warning of the Closetmaid box's weight on its label.  Defendant also argues that even if it breached its duty of care to Plaintiff, this breach did not cause Plaintiff's injuries because Plaintiff would have ignored a more adequate warning.  In the alternative, Defendant contends that Plaintiff knowingly encountered the obvious dangers of lifting the Closetmaid by himself under the assumption of risk doctrine, and, accordingly, that Plaintiff should be precluded from recovery.

In response, Plaintiff argues that Defendant breached its duty of care to Plaintiff because it did not include adequate warning of the Closetmaid box's weight, contrary to its own safety standards.  This failure to warn caused Plaintiff's injuries, because had Plaintiff been properly warned of the product's weight, he would have adjusted the manner in which he lifted it.

Plaintiff also contends that the assumption of risk doctrine is inapplicable because the Closetmaid's dangers were not known and obvious.

The Court concludes that there are disputes of material fact and will deny Home Depot's motion for summary judgment.

## I. Background and Procedural History

### A. Summary of Undisputed Facts

On March 15, 2015, at about 9 a.m., Mr. Johnson went shopping for a cabinet from the Home Depot store located at 244 N. Main Street, Forked River, New Jersey. (ECF 18-1, Ex. D, ("Johnson Dep.") at 42:14-43:1). Mr. Johnson asked Home Depot employees for assistance in choosing the right cabinet. (Id. at 48:2-7). Mr. Johnson did not ask any employees for assistance in lifting the box. (Id.).

Upon arriving at the cabinet aisle, Mr. Johnson saw a "2 Door Wardrobe Cabinet – Closetmaid," which he decided to purchase. (Id., Ex. F, ("Decal 28")). The box weighed 125 lbs. (ECF 20-8, Ex. E, ("Pl.'s Aff.") ¶ 9). It had its weight labeled on the side facing the public. (ECF 18-1, Ex. E, ("Pentangelo Dep.") at 47:6-8; see also ECF 18-1, Ex. J ("Closetmaid Label")). The box also had a designation of two men carrying a box on the same side. (Pentangelo Dep. at 49:4-8). Home Depot's internal safety standards require Home Depot to "Place Ask for Assistance stickers in bays of wooden closet kits and other heavy product." (ECF 18-1 Ex. K at 2; see also Pentangelo Dep. at 54:1-4). Although this standard required "Ask for Assistance" stickers in the Closetmaid's bay, no such stickers were present. (Pentangelo Dep. at 54:6-55:1).

Mr. Johnson did not notice the product's weight on its box. (Pl.'s Aff. ¶ 6). Mr. Johnson did not look for the product's weight on its box, and generally does not look for weights on

boxes. (Johnson Dep. at 51:8-12, 52:11-12). Without knowing the box's weight, Mr. Johnson began to slide it off the shelf until one end was resting on his cart. (Id. at 96:1-16, 97:1-3). In the process of sliding the box off the shelf, Mr. Johnson dropped the box onto his foot. (Id. at 96:17-23, 98:3-4).

Following his injuries, Mr. Johnson brought the instant premises-liability negligence claim against Home Depot.

### B. Summary of Disputed Facts

The parties dispute whether Defendant looked at the side of the Closetmaid prior to moving it. Defendant contends that Plaintiff did not look at the side of the Closetmaid facing the public, with the warning label and weight, because Mr. Johnson testified that he did not look to see if any signs or emblems were there. (Johnson Dep. at 95:3-18). Plaintiff contends that he did look at the display prior to moving the Closetmaid, but did not notice the weight label. (Pl.'s Aff. ¶¶ 5-6).

The parties also dispute whether the label indicating the box's weight was clearly visible to the public. Defendant contends that the box's weight label was clearly visible to the public because the label was outward-facing (Pentangelo Dep. at 47:6-12), and Plaintiff's girlfriend acknowledged she "could see on the side of the box that it had the weight"(ECF 18-1, Ex. L, ("Sypniewski Dep.") at 74:6-7). Plaintiff contends that the weight label was not clearly visible to the public because the label was very small and did not satisfy Home Depot's own warning standards. (Label 2; see also Pentangelo Dep. at 54:1-55:1).

Finally, the parties dispute whether Plaintiff could explain why the Closetmaid box slipped. Defendant contends Plaintiff did not know why it slipped. (Johnson Dep. at 98:5-10). Plaintiff contends he believes it slipped because he was not aware that the product weighed 125

lbs; if Mr. Johnson had known it weighed 125 lbs, he would have lifted it differently and avoided harm. (Pl.'s Aff. ¶¶ 9-10). While Defendant notes that Mr. Johnson testified that he could lift the box himself, Mr. Johnson contends that he meant the 125 lb box was not too heavy for him to lift himself if he expected that amount of weight and could prepare for it. (Johnson Dep. 98:17-20).

### C. Procedural History

On October 14, 2015, Mr. Johnson filed suit in the Philadelphia County Court of Common Pleas, alleging negligence. (ECF 1, ("Notice of Removal") ¶ 4). On February 9, 2016, Home Depot removed the action to this Court under 28 U.S.C. § 1441 based on diversity of citizenship. (Notice of Removal ¶ 12). On June 29, 2016, Home Depot moved for summary judgment. (ECF 17). Mr. Johnson opposed Defendant's motion on July 12, 2016. (ECF 2)). Home Depot replied in further support of its motion on July 14, 2016. (ECF 21).

## II.    Summary Judgement Standard

A district court shall grant a motion for summary judgment if the movant can show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" if it "might affect the outcome of the suit under the governing law." Id. Under Rule 56, the Court must view the evidence presented in the light most favorable to the non-moving party. Id. at 255.

## III.    Analysis

Defendant argues that there are three reasons to grant summary judgment in its favor on Plaintiff's negligence claim: (1) there was adequate warning of the Closetmaid box's weight on

its label, (2) even if there were an "Ask for Assistance" sticker or other additional warning, Plaintiff would have proceeded to lift the box himself anyway, and (3) Plaintiff was aware there were dangers in lifting the Closetmaid by himself, but he nonetheless proceeded. The parties do not dispute that Pennsylvania law applies to this diversity action.[1]

To sustain a negligence claim under Pennsylvania law, the plaintiff must demonstrate:

> (1) a duty or obligation recognized by the law, requiring the actor to conform to a certain standard of conduct for the protection of others against unreasonable risks;
> (2) a failure to conform to the standard required;
> (3) a causal connection between the conduct and the resulting injury; and
> (4) actual loss or damage resulting in harm to the interests of another.

Nw. Mut. Life Ins. Co. v. Babayan, 430 F.3d 121, 139 (3d Cir. 2005). Establishing that the defendant breached a legal duty is a condition precedent to proving negligence. Shaw v. Kirschbaum, 653 A.2d 12, 15 (Pa. Super. Ct. 1994). A possessor of land does not, however, have a duty to protect an invitee who has assumed the risk of a dangerous condition by knowingly proceeding to encounter an obvious danger. See Carrender v. Fitterer, 469 A.2d 120, 125 (Pa. 1983) ("When an invitee enters business premises, discovers dangerous conditions which are both obvious and avoidable, and nevertheless proceeds voluntarily to encounter them, the doctrine of assumption of risk operates merely as a counterpart to the possessor's lack of duty to protect the invitee from those risks.").

The parties do not dispute that Plaintiff has met the first and fourth elements in his negligence claim; Plaintiff is a business invitee owed a duty of protection from foreseeable harm and has suffered an injury. See Carrender, 469 A.2d at 123. Accordingly, the Court will

---

[1] Although the alleged incident took place in New Jersey, the parties have both briefed Pennsylvania law.

5

evaluate the remaining elements of Mr. Johnson's negligence claim separately, viewing the facts of the record in the light most favorable to him.

> A. There are Disputes of Material Fact Regarding Whether Defendant Breached Its Legal Duty to Plaintiff

To prevail on a premises-liability negligence claim, the plaintiff must show that the defendant has breached its duty to the plaintiff. Nw. Mut., 430 F.3d at 139. Pennsylvania courts have adopted the Restatement (Second) of Torts approach to determining whether a possessor of land has breached its duty to a business invitee. See Schon v. Scranton-Springbrook Water Serv. Co., 112 A.2d 89, 91 (Pa. 1955) (adopting § 343 of the Restatement (Second) of Torts); Moran v. Valley Forge Drive-In Theater, Inc., 246 A.2d 875, 878 (Pa. 1968) (adopting § 344 of the Restatement (Second) of Torts). Under this approach,

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> (c) fails to exercise reasonable care to protect them against the danger.

Restatement (Second) of Torts § 343; accord Summers v. Giant Food Stores, Inc., 743 A.2d 498, 506 (Pa. Super. Ct. 1999).

"It is a general rule that a possessor of land has a duty (1) to use reasonable care to make the premises safe for the use of persons invited to use the premises for business or (2) to give them adequate and timely warning of dangers known to him but unknown to the business invitees." Crane v. I.T.E. Circuit Breaker Co., 278 A.2d 362, 363 (Pa. 1971). See also Restatement (Second) of Torts § 343, cmt. b.

6

Here, the parties dispute whether Defendant gave adequate warning of the Closetmaid's dangers. To determine whether a warning is adequate, courts consider "both the expected efficacy of the warning and the availability of more effective alternate precautions." Bloom v. Waste Mgmt., Inc., 615 F. Supp. 1002, 1016 (E.D. Pa. 1985) (quoting Dunnaway v. Duquesne Light Co., 423 F.2d 66, 69 (3d Cir. 1970)).

The following evidence, viewed in the light most favorable to Plaintiff as the non-moving party, shows disputes of material fact as to the adequacy of Home Depot's warning.

- Defendant argues that the warning and weight on the box's side were clearly visible to the public, because the weight label and sign of two people carrying a box together were outward-facing (Pentangelo Dep. at 47:6-12, 49:4-14), and Plaintiff's girlfriend acknowledged she "could see on the side of the box that it had the weight." (Sypniewski Dep. at 74:6-7). But Plaintiff contends that the warning and weight on the box's side were not clearly visible to the public because they were very small and did not satisfy Home Depot's own warning standards. (Pentagelo Dep. 54:1-55:1; see also Label 2).

- Defendant argues that the Closetmaid's warning was an adequate warning for the public even without Home Depot's internally mandated "Ask for Assistance" warning sticker. But Plaintiff contends that the lack of the internally mandated "Ask for Assistance" warning sticker raises an issue of whether the Closetmaid warning is adequate in and of itself. (See Pentangelo Dep. at 54:1-55:18).

Home Depot argues that its failure to follow internal procedures is not "conclusive evidence" it breached its duty of care to Mr. Johnson. (ECF 17-3 at 3). Though it may not decide the issue conclusively, that Home Depot failed to adhere to its own safety standards (ECF

18-1, Ex. K at 2) is sufficient to have the issue of breach brought before a jury. Thus, in light of these disputes of material fact regarding whether Defendant breached its duty to Plaintiff, summary judgment is not warranted as to Plaintiff's negligence claim.

> **B.     There are Disputes of Material Fact as to Whether Defendant's Alleged Negligence Caused Plaintiff's Injury**

Second, Defendant claims that summary judgment should also be granted because there is no causal connection between its conduct and the injury; Plaintiff would have attempted to lift the box himself even with a more adequate warning. To demonstrate a causal connection between the conduct and the resulting injury, the plaintiff must show that the defendant's alleged misconduct was "a substantial factor in bringing about the plaintiff's harm." Hamil v. Bashline, 392 A.2d 1280, 1284 (Pa. 1978).

Under Pennsylvania law, a court considers the following factor in determining whether the actor's conduct is a "substantial factor" in bringing about the harm:

> (a) the number of other factors which contribute in producing the harm and the extent of the effect which they have in producing it;
> (b) whether the actor's conduct has created a force or series of forces which are in continuous and active operation up to the time of the harm, or has created a situation harmless unless acted upon by other forces for which the actor is not responsible;
> (c) lapse of time.

Jeter v. Owens-Coming Fiberglass Corp., 716 A.2d 633, 637 (Pa. Super. 1998) (citing Restatement (Second) of Torts § 433).

"The defendant's negligent conduct may not, however, be found to be a substantial cause where the plaintiff's injury would have been sustained even in the absence of the actor's negligence." Hamil, 392 A.2d at 1284 (Pa. 1961) .

The question of causation "should not be taken from the jury if the jury may reasonably differ as to whether the conduct of the defendant has been a substantial factor in causing the harm." Vattimo v. Lower Bucks Hosp., Inc., 465 A.2d 1231, 1234 (Pa. 1983).

Here, it is disputed whether any negligent conduct that may be attributed to Defendant was a substantial factor in bringing about Plaintiff's injuries. The following evidence, viewed in the light most favorable to Plaintiff as the non-moving party, shows disputes of material fact over whether Plaintiff would have sustained the injuries had there been a more adequate warning.

- Defendant contends that Plaintiff would not have heeded a more adequate warning because he did not even look at the side of the box, visible to the public, prior to moving it, since he did not look to see if any signs or emblems were there. (Johnson Dep. at 95:3-18). But Plaintiff contends that he did look at the display prior to moving the Closetmaid, but did not notice the weight label. (Pl.'s Aff. ¶¶ 5-6).

- Defendant also contends that Plaintiff would not have heeded a more adequate warning because he did not look specifically for weight markings on the box, and generally "does not look for weights on boxes." (Johnson Dep. at 51:8-12, 52:11-12). But Plaintiff contends that he did not look specifically for weight markings only because he did not know it was a heavy box, because Defendant failed to adequately warn him of that fact. (Pl.'s Aff. ¶ 10).

- Defendant contends that the warning, even if inadequate, did not cause Plaintiff's injury because Plaintiff did not know why the box slipped. (Johnson Dep. at 98:5-7). But Plaintiff contends that the box slipped because he was not aware that it weighed 125 lbs; had Mr. Johnson been aware of the dangerous weight, he would have lifted the Closetmaid differently. (Pl.'s Aff. ¶¶ 9-10).

9

- Defendant contends that the warning, even if inadequate, did not cause Mr. Johnson's injury because Mr. Johnson testified that the box was not too heavy for him to lift himself and he was not thinking about the box's weight. (Johnson Dep.at 98:8-99:9). But Mr. Johnson contends that he meant that the box was not too heavy for him to lift himself <u>because he did not know that the box weighed 125 lbs due to inadequate signage</u>. (Pl.'s Aff. ¶ 10).

In light of these disputes of material fact, summary judgment is not warranted as to whether Defendant's alleged breach caused Plaintiff's harm.

### C. There are Disputes of Material Fact Regarding Whether Plaintiff Assumed the Risk of the Closetmaid's Dangers

In the alternative, Defendant claims that summary judgment should be granted because even if an inadequate warning caused Plaintiff's injuries, Plaintiff assumed the risk of the Closetmaid's dangerous weight by proceeding to lift it himself. Under Pennsylvania law, a possessor of land has no duty to protect a business invitee against a known and obvious danger. <u>Chepkevich v. Hidden Valley Resort, L.P.</u>, 2 A.3d 1174, 1187 (Pa. 2010) (stating the plaintiff proceeded "in the face of a *well-known and obvious danger* . . . . It is difficult to imagine a clearer example of assumption of the risk.") (emphasis added). A danger is "known" if it is both not only "known to exist," but also "recognized that it is dangerous and the probability and gravity of the threatened harm must be appreciated " <u>Carrender</u>, 469 A.2d at 124. A danger is "obvious" when "both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising normal perception, intelligence, and judgment." <u>Carrender</u>, 469 A.2at 123.

"[A] plaintiff will not be precluded from recovering except where it is beyond question that he voluntarily and *knowingly* proceeded in the face of an *obvious* and dangerous condition."

10

Staub v. Toy Factory, Inc., 749 A.2d 522, 526 (Pa. Super. Ct. 2000) (emphasis added) (internal quotation marks omitted).  The standard "is a subjective one, of what the particular plaintiff in fact sees, knows, understands and appreciates."  Bullman v. Giuntoli, 761 A.2d 566, 571 (Pa. Super. Ct. 2000).

The Pennsylvania Supreme Court has found that the fact that plaintiffs could have seen evidence of a dangerous condition had they looked for it does not give them knowledge of the dangerous condition as a matter of law.  See Stimmel v. Kerr, 148 A.2d 232, 233 (Pa. 1959) (finding that although the electrocuted plaintiffs "could have seen the wires or poles if they had looked," they may not have had knowledge of the dangerous condition). Further, even if a plaintiff does see evidence of a dangerous condition, she still does not have knowledge of the danger as a matter of law, because she is not therefore "bound to know the *degree* of danger involved."  See id. (emphasis added).

Here, it is disputed whether Plaintiff knowingly proceeded in the face of the Closetmaid's obvious and dangerous condition.  Defendant contends the box's dangerous weight was known and obvious because Plaintiff had already slid the Closetmaid far enough out of the shelf to rest it on top of the cart.  Thus, he was aware of the Closetmaid's weight before dropping it on his foot.  Defendant also argues that the size of the box as well as its marked weight of 125 pounds made the box's danger known and obvious.  However, the following evidence, viewed in the light most favorable to Plaintiff as the non-moving party, shows disputes of material fact over whether the Plaintiff knowingly encountered an obvious danger.

- Although Defendant argues that Plaintiff was aware of the box's heavy weight because he slid the box far enough to rest it on top of his cart (Johnson Dep. at 96:6-

11

20), Plaintiff testified that even while sliding the box onto his cart, he was not fully aware of the box's heavy weight (id. at 98:17-20).

- Defendant argues that the box's dangerous weight was obvious from its size, material, and weight marking. (See Decal 28). But Plaintiff contends that the box's dangerous weight was not obvious from its size, material, and weight marking, based on a fair review of the Closetmaid as it appeared to Mr. Johnson at the time of the accident (Johnson Dep. at 48:10) and based on a fair review of the box's appearance (Label 2).

In light of these disputes of material fact, summary judgment is not warranted as to whether Plaintiff assumed the risk of the lifting the Closetmaid himself.

## IV.    Conclusion

Because there are disputes of material fact regarding Plaintiff's negligence claim and the application of the assumption of risk doctrine, the Court will deny Defendant's motion for summary judgment.

An appropriate Order follows.

O:\CIVIL 16\16-647 Johnson v Home Depot\Memo Denying MSJ.docx